IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

HELEN J. LAWRENCE -PHILLIPS

    Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,

    Defendant.

Case No. 12-CV-498-FHM

## OPINION AND ORDER

Plaintiff's Motion to Remand, [Dkt. 17], is before the court for decision. Plaintiff seeks an order remanding this case pursuant to sentence four of 42 U.S.C. § 405(g). The matter has been briefed. [Dkt. 17, 18].

Plaintiff asserts that the hearing transcript is incomplete and that to require briefing with an incomplete transcript would constitute a violation of her due process rights to have a full and accurate transcript of the entire record of proceedings relating to this case. According to Plaintiff, exhibit 16E is missing from the transcript. Plaintiff's briefing provides no clue as to what the contents of exhibit 16E might be.

Defendant responds that exhibit 16E is a "note from a friend" of Plaintiff's. According to Defendant, the exhibit list attached to the decision entered by the Administrative Law Judge (ALJ) contains an exhibit list that ends with exhibit 15E. In addition, the ALJ's decision does not cite to or discuss any note from a friend. Further, the additional records Plaintiff submitted to the Appeals Council do not include a note from a friend. Defendant obtained from Plaintiff's counsel at the administrative level a copy of an undated note signed by Harley W. Martin which is presumably the missing note. [Dkt. 18-

1, p. 2]. Defendant asserts that this note merely reiterates Mr. Martin's statements which are contained in the record in the Third Party Function Report and also reiterate Plaintiff's own testimony which were considered by the ALJ. The docket reflects that although the time has passed for filing a reply brief, Plaintiff has not filed a brief disputing Defendant's statements.

The court finds that Plaintiff has made no effort to establish that the missing exhibit is material and would have a reasonable likelihood of changing the ALJ's decision. There is no basis for granting Plaintiff's request for a remand under sentence four of 42 U.S.C. § 405(g). Plaintiff's Motion to Remand, [Dkt. 17], is DENIED.

The court notes that Plaintiff has obtained one extension of time in which to file her opening brief. Plaintiff's opening brief is overdue. Plaintiff's opening brief was due on May 17, 2013, the day after the instant motion was filed. [Dkt. 16]. A new scheduling order is hereby established. The parties shall adhere to the following schedule:

> Plaintiff's opening brief is due on or before July 10, 2013;
> Defendant shall file her response brief on or before September 15, 2013;
> Plaintiff may file a reply brief on or before October 1, 2013.

SO ORDERED this 26th day of June, 2013.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE