UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HELEN J. LAWRENCE PHILLIPS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | CASE NO. 12-CV-498-FHM |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| DEFENDANT. ) | |

## OPINION AND ORDER

Plaintiff, Helen J. Lawrence Phillips, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1] Plaintiff Helen J. Lawrence Phillip's application was denied initially and upon reconsideration. A hearing before Administrative Law Judge (ALJ) Charles Headrick was held October 18, 2010. By decision dated November 5, 2010, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on July 6, 2012. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 41 years old on the alleged date of onset of disability and 44 years old on the date of the ALJ's denial decision. She has a 10th grade education and previously worked as a cashier and assistant manager. Plaintiff claims to have been unable to work since July 2, 2007 due to anxiety, insomnia, migraines, heart attack, hepatitis B, herniated disc, spinal tumor, and coronary artery disease. [R. 157-58].

## The ALJ's Decision

The ALJ determined that the Plaintiff has a severe impairment relating to degenerative disc disease. [R. 15]. The ALJ found that Plaintiff has the residual functional capacity (RFC) to perform light[2] work as defined by 20 CFR 404.1567(b) and 416.967(a).

---

[2] Pursuant to CFR § 404.1567, light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone

[R. 16]. The ALJ determined at step four that Plaintiff could perform her past relevant work as an assistant manager and cashier. At step five, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. [R. 17-18]. The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled with an alternative step five finding. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### Plaintiff's Allegations

Plaintiff asserts that the ALJ: 1) failed to properly evaluate the medical source and other source opinion evidence; and 2) failed to perform a proper credibility determination.

### Analysis

#### Evaluation of Medical and Other Source Opinion Evidence

Plaintiff argues that the medical source opinion of Dr. Gerald Snider, M.D., was not properly evaluated. Plaintiff contends Dr. Snider was her treating physician since January 2010. [Dkt. 20, pp. 2-4]. Plaintiff asserts that if Dr. Snider's opinion[3] were accredited the

---

can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

[3] On February 2, 2012 Dr. Snider prepared a letter opining:
> After reviewing this patient's medical records it is my considered opinion that this patient cannot do a combination of standing and/or walking for more than two hours within an eight hour work day due to her back pain and fatigue. The patient is also unable to lift 10 lbs. on a frequent basis only on an occasional basis, but no more than two-thirds of an eight hour work day. I am also quite certain that the patient would see significant days of lost work at least three times per month if not more as a result of her above medical history. The patient would be unable to sit and/or stand for any prolonged period of time as well as walking and/or riding in a vehicle. The patient would need frequent breaks to change position in order to relieve her discomfort. She would require at least four to five work breaks if not more

3

controlling weight of a treating physician's opinion, Plaintiff would be disabled. Dr. Snider's opinion was not before the ALJ, but was submitted to the Appeals Council as permitted by the Commissioner's Regulations. 20 C.F.R. § 404.970(b). *See Branum v. Barnhart,* 385 F.3d 1268, 1275 (10th Cir. 2004).

The Appeals Council stated it considered Dr. Snider's letter dated February 2, 2012 and found that information does not provide a basis for changing the decision. Although the new evidence was not before the ALJ, the Tenth Circuit has ruled that "new evidence [submitted to the Appeals Council] becomes part of the administrative record to be considered when evaluating the Secretary's decision for substantial evidence." *O'Dell v. Shalala,* 44 F.3d 855, 859 (10th Cir. 1994); *but see Miles v. Apfel*, 244 F.3d 1 (1st Cir. 2001)(court review of ALJ decision based solely on basis of evidence before ALJ); *Matthews v. Apfel*, 239 F.3d 589, 593 (3rd Cir. 2001)(when claimant seeks to rely on evidence that was not before the ALJ as the basis for remand, the evidence must be new and material and claimant must show good cause why the evidence was not presented to the ALJ); *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998)(when the Appeals Council has denied review, the court looks only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence); *Eads v. Sec. Dept. of Health & Human Servs.*, 983 F.2d 815, 818 (7th Cir. 1993)(courts may not reverse

---

in an eight hour day. The patient would require periods of reclining to relieve her back and neck discomfort. The amount of break time required would vary as related to her pacific (sic) activities and/or her pain level. The patient will also have significant interference with her alertness, dexterity, coordination and cognitive ability as a result of the diagnosed medical difficulties as well as the side effects from the medication she is presently on. I declare, under penalty of perjury, that I have examined the above report and the statements contained herein and to the best of my knowledge and belief, they are true, correct, and complete. [R. 593].

an ALJ's decision on the basis of evidence first submitted to the Appeals Council). In the Tenth Circuit, even though the court may not reweigh the evidence or substitute its judgment for that of the Commissioner, *O'Dell* requires the court to review the new evidence to determine whether, even considering this new evidence, the ALJ's decision is supported by substantial evidence.

Plaintiff argues that Dr. Snider's opinion should be given controlling weight as the opinion of a treating physician and even if not given controlling weight should outweigh the opinions of the reviewing state agency opinions that the ALJ relied upon. The court finds that it is not clear whether Dr. Snider was in fact Plaintiff's treating physician. Plaintiff did testify she received injections from Dr. Snider, but the record does not contain any treating records from Dr. Snider. Without treating records, Dr. Snider's opinion cannot be given controlling weight.

Plaintiff's argument that Dr. Snider's opinion should outweigh the opinions of the state agency doctors does not address the precise issue before the court. The court is not called upon to weigh the evidence in the first instance and choose between two conflicting opinions. That function belongs to the ALJ. Rather, the court's role is to determine whether the ALJ's decision to accept the state agency doctor's opinions is supported by substantial evidence in light of Dr. Snider's opinion. In other words, the question is whether a reasonable mind could accept the opinions of the state agency doctors over the opinion of Dr. Snider. The court finds that it could. Dr. Snider's letter sets forth his opinions but does not provide any medical basis for the opinions. No medical examinations, findings, or test results are referenced in Dr. Snider's opinion letter. Further, the letter is dated February 2, 2012, nearly two years after the ALJ's decision and does not specify what time

period is addressed by the opinion. On the other hand, the state agency opinion reference some of the specific medical findings in the record as support for their opinions. Dr. Snider's letter which is dated two years after the disability denial, is conclusory, does not disclose that an examination was performed, and does not refer to any medical tests or findings does not deprive the ALJ's decision of support by substantial evidence.

Plaintiff also argues that the ALJ failed to properly identify the weight given to medical opinions of nonexamining state agency medical experts, Drs. Carmen Bird, [R. 460-467], and Luther Woodcock, [R. 502]. [Dkt. 20, p. 3-4]. The ALJ clearly adopted these opinions. The ALJ noted:

> Two medical experts with the State Agency determined that the claimant could perform light work activity (Exhibits 11F and 14F). The Administrative Law Judge concurs with these expert opinions.

[R. 17]. Based on all the medical evidence which the ALJ discussed in his decision, there is no reason to believe that a further analysis or weighing of these opinions could advance Plaintiff's claim of disability. The court finds no error in the ALJ's treatment of these opinions.

### Third Party Function Report of Harley Martin

Plaintiff argues that the Third Party Function Report, [R. 172-79], which was completed by her live-in boyfriend, Harley Martin, should be considered with the factors identified in *Social Security Ruling (SSR)* 06-3p, 2006 WL 2329939, and that the ALJ erred in his failure to note or evaluate Mr. Martin's function report. [Dkt. 20, pp. 4-5]. An ALJ is not required to discuss every piece of evidence. See *Hamlin v. Barnhart*, 365 F.3d 1208, 1217 (10th Cir.2004). Rather, an ALJ must discuss the evidence supporting his decision,

the uncontroverted evidence he chooses not to rely upon, and any significantly probative evidence he rejects. *Id.* See *Rutledge v. Apfel*, 230 F.3d 1172 (10th Cir. 2000) (citing *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir.1997) (step five burden does not require the agency to address or assess exertional requirements for which the medical record provides no evidence of an impairment or limitation). Mr. Martin's report and Plaintiff's testimony contain practically the same information. The ALJ rejected this information when he found Plaintiff's statements were not entirely credible. Since the ALJ discussed the information, the court finds no error in the ALJ's failure to discuss Mr. Martin's report.

Moreover, the ALJ stated that he carefully considered all of the evidence. [R. 13]. The Tenth Circuit has stated it will take the ALJ at his word when the entirety of the ALJ's discussion of the evidence and the reasons for his conclusions demonstrate that he adequately considered the evidence. *Wall v. Astrue,* 561 F.3d 1048, 1070 (10th Cir. 2009). The court finds that the ALJ's decision as a whole demonstrates that he adequately considered the evidence.

## Credibility Determination

Plaintiff argues that the ALJ erred in failing to perform an adequate credibility determination by including standard boilerplate language in the decision.

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005)(citation, brackets, and internal quotation marks omitted). The ALJ cited numerous grounds, tied to the evidence, for the credibility finding, including:

7

Plaintiff's inconsistent statements about her activities of daily living; Plaintiff alleged she suffered a heart attack which is not supported by medical tests or objective evidence; and the lack of any functional restrictions by treating physicians.  The ALJ properly linked his credibility finding to the record.  As a result, the court finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

The court rejects Plaintiff's argument that the ALJ improperly relied on stock boilerplate language in making the credibility determination.  In the absence of a more thorough analysis, the use of boilerplate language is insufficient to support an ALJ's credibility determination.  However, where, as here, the ALJ provides specific reasons for his credibility determination and links the credibility determination to the evidence, the presence of boilerplate language will not require remand.  *Cf. Boehm v. Astrue,* 2013 WL 541067 AT *2 (10th Cir. 2013)(rejecting the same argument advanced in this case in another appeal argued by Plaintiff's counsel), *Polson v. Astrue*, 2013 WL 238849 at *2 (1oth Cir. 2013)(same), *Strickland v. Astrue,* 2013 WL 3935755 at *7 (10th Cir. 2012)(same).

## Conclusion

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts.  The court further finds there

is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 5th day of November, 2013.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE